## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

PETER D. PETROSKY,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00361-RCJ-RAM

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the counseled amended petition (#13) under Rule 4 of the Rules Governing Proceedings under Section 2254. On initial review, a substantial question exists as to whether the amended petition is subject to dismissal as a mixed petition due to the presence of unexhausted claims. Petitioner therefore will be directed to show cause in writing why the petition is not subject to dismissal as a mixed petition.

### *Background*

Petitioner Peter Petrosky seeks to set aside his December 4, 2008, Nevada state conviction, pursuant to a guilty plea, of two counts with lewdness with a child under fourteen years of age. Petitioner did not file a direct appeal. He challenged the conviction and/or sentence via, *inter alia*, a first state post-conviction that was mailed for filing on or about March 16, 2009, and filed on March 23, 2009. The state supreme court affirmed the denial of the first petition on the post-conviction appeal, and the remittitur issued on June 4, 2010.

Meanwhile, Petrosky had mailed a second state post-conviction petition for filing on or about November 20, 2009, and the second petition was filed on December 2, 2009. It appears that proceedings on the second state petition still are pending at this time.

Petitioner mailed his original *pro se* federal habeas petition in this matter for filing on or about June 1, 2010.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

The amended petition presents two grounds, with Ground 1 having five subparts. Petitioner acknowledges that Grounds 1(a), 1(c), and 2 are not exhausted. He asserts that these grounds currently are being presented to the state courts in the second state petition.

-2-

A question further arises as to whether Grounds 1(b) and 1(d) are completely exhausted.

In Ground 1(b), petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to conduct any investigation prior to advising him to enter a plea. He alleges specifically that counsel: (1) failed to investigate circumstances that the victims' mother, Lisa Idso, previously had threatened to falsely accuse Petrosky of child molestation when he sought to evict her from his house; (2) failed to seek discovery from the State, including transcripts of the original interviews of the children, Lisa Idso, and two other witnesses, which allegedly would have provided exculpatory evidence, including evidence that the police interviews of the children and Idso were suggestive, deceptive and/or coercive; and (3) failed to seek Idso's case file from the criminal case brought against her by the State for child endangerment, allegedly to secure her cooperation with the State.[1]

On the state post-conviction appeal, petitioner presented only facts pertaining to subparagraph (1) above. He did not present any facts pertaining to subparagraphs (2) and (3).[2] In order to fairly present and exhaust a claim, a petitioner must present both the operative facts and the legal theory upon which his claim is based. *Castillo, supra*. Petitioner therefore must show cause why the amended petition is not subject to dismissal as a mixed petition because the operative facts under subparagraphs (2) and (3) above in Ground 1(b) were not presented to the state courts.

In Ground 1(d), petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to investigate or present any mitigation evidence on his behalf at sentencing. He alleges specifically that counsel: (1) should have obtained a psychosexual evaluation of Petrosky that "could have" addressed the concerns of the State and the court as to a risk of recidivism; (2) should have uncovered mitigating evidence about his background, including that his mother died when he was young and that he was raped by a

---

[1] #13, at 11-12.

[2] #16, Ex. 47, at 6-10 (appellant's opening brief); *id.*, Ex. 53, at 2 (order of affirmance).

1  neighbor a short time after her death; and (3) should have presented evidence regarding his
2  solid work history, ties to the community, and home ownership, including testimony from his
3  family.[3]

4      On the state post-conviction appeal, petitioner presented only facts pertaining to
5  subparagraph (1) above.  He did not present any facts pertaining to subparagraphs (2) and
6  (3).[4]  In order to fairly present and exhaust a claim, a petitioner must present both the
7  operative facts and the legal theory upon which his claim is based. *Castillo, supra*. Petitioner
8  therefore must show cause why the amended petition is not subject to dismissal as a mixed
9  petition because the operative facts under subparagraphs (2) and (3) above in Ground 1(d)
10 were not presented to the state courts.

11     IT THEREFORE IS ORDERED that, within twenty-eight (28) days of entry of this order,
12 petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without
13 prejudice for lack of exhaustion, on the basis that: (a) Grounds 1(a), 1(c), and 2 are not
14 exhausted; and (b) Grounds 1(b) and 1(d) are not completely exhausted.

15     IT FURTHER IS ORDERED that respondents shall respond to petitioner's response
16 within twenty-eight (28) days of service of the response.  Petitioner may file a reply
17 memorandum within fourteen (14) days of service of the response.

18     DATED: This 31st day of January, 2012.

_____
ROBERT C. JONES
Chief United States District Judge

---

[3] See #13, at 13-14.

[4] #16, Ex. 47, at 6-7 & 10-11; *id.*, Ex. 53, at 2-3.