UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER D. PETROSKY,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>JACK PALMER, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:10-cv-00361-RCJ-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss certain grounds in petitioner Peter D. Petrosky's counseled second-amended petition (ECF No. 48). Petrosky opposed (ECF No. 52), and respondents replied (ECF No. 55).

**I.    Procedural History and Background**

On October 16, 2008, Petrosky pleaded guilty to two counts of lewdness with a child under the age of fourteen years (exhibit 18 to second-amended petition, ECF No. 42).[1] The state district court sentenced him to two consecutive terms of ten years to life in prison. Exh. 21.

Petrosky did not file a direct appeal. On March 23, 2009, he filed a *pro se* state postconviction petition; the state district court appointed counsel, and counsel filed a supplemental petition on June 3, 2009. Exhs. 25, 29, 32. The state district court dismissed the petition on August 21, 2009. Exh. 37. The Nevada Supreme Court

---

[1] Exhibits referenced in this order are exhibits to the second-amended petition, ECF No. 42, and are found at ECF Nos. 14-16, 22, 28-35, and 38.

1

affirmed the dismissal on May 18, 2010. Exh. 53. Meanwhile, Petrosky had filed a second state postconviction petition on December 2, 2009. Exh. 43.

While the second state postconviction petition was pending, Petrosky dispatched his federal petition for mailing on June 1, 2010 (ECF No. 7). This court appointed counsel (ECF No. 6). On September 16, 2013, this court ordered that these proceedings be stayed pending resolution of Petrosky's second state postconviction petition (ECF No. 26).

On April 10, 2014, the Nevada Supreme Court affirmed the denial of the second state postconviction petition, and remitter issued on May 7, 2014. Exhs. 94, 95.

On January 9, 2015, this court granted Petrosky's motions to reopen the case and to file a second-amended petition (ECF No. 40). Respondents now argue that most grounds in the second-amended petition are subject to dismissal as procedurally barred (ECF No. 48).

**II.     Legal Standards**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural

2

> rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; see also *Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  See *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  See *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III.   Instant Petition

Respondents argue that most subparts of ground 1, as well as ground 2 in its entirety, should be dismissed as procedurally barred (ECF No. 48, pp. 6-7).  The grounds set forth below were presented to the Nevada Supreme Court for the first time in Petrosky's appeal of the denial of his second state postconviction petition.  Exh. 89.

Ground 1(B)(1)

Petrosky contends that his counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights because his representations about the plea deal were "grossly unprofessional" (ECF No. 42, pp. 14).  Petrosky alleges that his counsel failed to meaningfully inform him about his case and forced Petrosky into making a decision without further investigation of the case or adequate time to consider the offer.  *Id.*

Ground 1(B)(2)

Petrosky alleges that his counsel was ineffective for failing to discover the audio tapes of the initial interviews of the victims, which were in the State's possession at the time Petrosky entered his plea (ECF No. 42, p. 15).

3

Ground 1(B)(3)

Petrosky claims that his counsel was ineffective because he grossly misadvised Petrosky about the probability that his sentences would be run concurrently. *Id.* at 15-16.

Ground 1(B)(4)

Petrosky claims that his counsel was ineffective when he failed to investigate or present any mitigating evidence at sentencing (ECF No. 42, p. 16-17). Specifically, Petrosky alleges counsel should have investigated and presented (1) a psychosexual evaluation to the district court at sentencing to address concerns regarding recidivism; (2) background information regarding Petrosky having been abused as a child; and (3) evidence regarding Petrosky's work history and ties to the community. *Id.* Respondents acknowledge that the first subpart is exhausted (*see* ECF No. 19, pp. 3-4; Exh. 47). Petrosky presented the second and third subparts for the first time in his second state postconviction petition. *See* Exh. 89.

Ground 2

Petrosky alleges in ground 2 that he did not enter his guilty plea knowingly, intelligently or voluntarily, in violation of his Fifth and Fourteenth Amendment rights (ECF No. 42, p. 18).

In affirming the denial of Petrosky's second the state petition, the Nevada Supreme Court concluded that the petition was successive and an abuse of the writ and that Petrosky failed to demonstrate good cause and actual prejudice to overcome the procedural bar of NRS 34.810. Exh. 94.

Under Nevada law, the state district court shall dismiss a state postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(3). The Nevada Supreme Court explicitly relied on this procedural bar when it found Petrosky's second

4

state postconviction petition to be successive and an abuse of the writ and declined to review the claims that correspond to federal grounds 1(B)(1), 1(B)(2),1(B)(3), two subparts of 1(B)(4) and ground 2.  Exh. 94.  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's determination that federal grounds 1(B)(1), 1(B)(2),1(B)(3), two subparts of ground 1(B)(4) and ground 2 were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the court's dismissal of those claims in the state petition.

Petrosky argues, however, that the state procedural default should not bar his federal claims because he can show cause and prejudice to excuse the default (ECF No. 52).  Petrosky contends that the default of the grounds set forth above should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012), because he received ineffective assistance of state postconviction counsel.

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim.  *Coleman*, 501 U.S. at 750.  In *Martinez*, the Court established a "narrow exception" to that rule. The Court explained that

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320.  Although the Court appeared to limit the exception to claims that counsel was ineffective at trial, the Ninth Circuit has expanded the doctrine to include claims that counsel was ineffective on direct appeal.  *Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013).

5

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that *Clabourne* make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) postconviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the postconviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

Here, as the parties acknowledge, the *Martinez* analysis with respect to the federal grounds that were procedurally defaulted in the state supreme court is intertwined, to a large extent, with the analysis of the underlying merit of each claim. As such, the court will defer ruling on the *Martinez* issue until the merits of the grounds are briefed in respondents' answer and Petrosky's reply brief.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered within which to file an answer to the second-amended petition, including arguments as to whether the procedural defaults of the grounds discussed in this order should be excused based on *Martinez v. Ryan*.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motions to extend time to respond to the amended petition (ECF Nos. 43, 45, 46, 47) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motions to extend time to oppose the motion to dismiss (ECF Nos. 49, 50, 51) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motions to extend time to file their reply in support of the motion to dismiss (ECF Nos. 53 and 54) are both **GRANTED** *nunc pro tunc*.

DATED:  March 1, 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE